IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARY AKU QUARTEY | * |
| v. | * CIVIL ACTION NO. RWT-09-3219 |
| JERRY LANE | * |

*****************************************************************************

| | |
|---|---|
| MARY AKU QUARTEY | * |
| v. | * CIVIL ACTION NO. RWT-09-3257 |
| JOHN E. POTTER | * |

*****************************************************************************

| | |
|---|---|
| MARY AKU QUARTEY | * |
| v. | * CIVIL ACTION NO. RWT-09-3259 |
| TIMOTHY HEREY | * |

*****************************************************************************

| | |
|---|---|
| MARY AKU QUARTEY | * |
| v. | * CIVIL ACTION NO. RWT-09-3260 |
| DUCK MURRISON | * |

*****************************************************************************

| | |
|---|---|
| MARY AKU QUARTEY | * |
| v. | * CIVIL ACTION NO. RWT-09-3261 |
| JOPPY CHERYL | * |

*****************************************************************************

| | |
|---|---|
| MARY AKU QUARTEY | * |
| v. | * CIVIL ACTION NO. RWT-09-3262 |
| INSPECTOR SOOS | * |

*************************************************************************

| | |
|---|---|
| MARY AKU QUARTEY | * |
| v. | * CIVIL ACTION NO. RWT-09-3263 |
| JOHN E. POTTER | * |

*************************************************************************

| | |
|---|---|
| MARY AKU QUARTEY | * |
| v. | * CIVIL ACTION NO. RWT-09-3264 |
| J. D. JACKSON | * |

*************************************************************************

| | |
|---|---|
| MARY AKU QUARTEY | * |
| v. | * CIVIL ACTION NO. RWT-09-3265 |
| MR. ALEX (HEAD MANAGER) | * |

*************************************************************************

| | |
|---|---|
| MARY AKU QUARTEY | * |
| v. | * CIVIL ACTION NO. RWT-09-3266 |
| MR. ERIC (FOREMANAGER) | * |

***

## **MEMORANDUM OPINION**

On December 2, 2009, Plaintiff, a resident of Silver Spring, Maryland, filed ten separate civil

rights Complaints with the Court. Even when affording the *pro se* actions a generous construction, it is plain that they contain frivolous and fantastic factual allegations. Among the claims are that the U.S. Postmaster General and employees of the United States Post Service ("USPS"): (1) have "programmed" her for years and placed a "gadget" or "device" on her head, hurt her through the internet, inserted a plastic rope on her neck, and "placed my intestine with plastic;" (2) delayed calling her to work in 2005, after conducting a search and finding out that she "predicted when I was very young;"[1] (3) used her through the internet, prevented her from reporting to work in order not to receive her "shares," disfigured her, and took her "shares;" (4) seriously disfigured her and "played with [her] private parts;" (5) signed checks as the "predictor," occupied her position, had her picture "placed on file under my name" so as to retrieve shares, attempted to use her grades in college and her brain cells to take tests, and took her character and body parts; (6) placed "safe light poles in [her] head and stomach," disfigured her, and "has the $5,000,000.00 compensated to me for the device only used in my body through detective machine;" (7) placed a device on the left side of her back, placed her on the internet, and controlled her "menstruation circle" and used it wrongly on the internet; (8) read her mind, used her Social Security number to retrieve her shares from EEO, removed her door key and damaged her car, disfigured her, viewed her "virginity on the internet for money," placed a recorder in her head and used her brain cells; (9) recorded her "prediction," placed a device in her left leg to receive a signal, used her brain cells, and has possession of her head gear and heart and eye veins; and (10) placed a computer board in her head and recorded the "prediction" into the UPC, removed her memory through the internet, viewed her in her apartment

---

[1] See Quartey v. Potter, Civil Action No. RWT-09-3257 (D. Md.). Plaintiff claims she filed charges with the Equal Employment Opportunity Commission on October 27, 2005. Her attachments show that the USPS concluded its investigation of her claims on October 27, 2005, and informed her of her right to request (1) a hearing before an administrative judge or (2) a final agency decision without a hearing.

without her permission, used her through the internet to generate funds from other states, is in possession of shares assigned to her, and has her abdomen in their "save."

Because the cases have similar allegations, they shall be consolidated for all purposes. In addition, as Plaintiff appears to be indigent, her consolidated Motions for Leave to Proceed <u>In Forma Pauperis</u> shall be granted pursuant to 28 U.S.C. § 1915(a).

This court may preliminarily review the Complaint allegations before service of process and dismiss them pursuant to 28 U.S.C. §1915(e) prior to service if satisfied that the Complaint has no factual or legal basis and is frivolous on its face. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1314 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

Plaintiff's factual statements of claim speak for themselves. They are replete with fanciful illusions. The actions have no basis in law and fact and shall be dismissed as frivolous without service of process on Defendants. A separate order shall follow consolidating the cases and directing that they be summarily dismissed.

December 11, 2009

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE